IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLIFTON DEMONT HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-241-JJF |
| | ) |
| ARRESTING OFFICERS, JOHN | ) |
| R. GAREY, EDWARD S. | ) |
| CALLOWAY, and WILLIAM | ) |
| SWAIN LEE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Clifton Demont Hall, an inmate at the Howard R. Young Correctional Institution filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears <u>pro se</u> and was granted leave to proceed <u>in forma pauperis</u> on April 24, 2006. (D.I. 4.) The Court proceeds to review and screen the complaint and amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A. (D.I. 2, 7.)

For the reasons discussed below, the complaint will be dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.   THE COMPLAINT**

Plaintiff alleges that on June 12, 1992, he was arrested by unknown Defendant Arresting Officers on state charges of burglary and theft of a firearm. Plaintiff alleges that the arresting officers used him to apprehend a known drug dealer, and that he was told to cooperate with the drug task force or he would be sent to prison. He alleges that at the time he was a "juvenile

delinquent child" under the age of 18, his birth date being December 28, 1974. Plaintiff was prosecuted by Defendant attorney John R. Garey ("Garey"), and represented in the criminal charges by Defendant state public defender Edward S. Calloway ("Calloway"). On July 31, 1992, Plaintiff was sentenced by Defendant Judge William Swain Lee "(Judge Lee"). Plaintiff alleges that because he was not eighteen, his arrest, prosecution, and conviction were illegal and unconstitutional under Delaware law as well as the U.S. Constitution. In his complaint Plaintiff alleges that due to the unconstitutional actions of the Defendants he was declared a habitual criminal and sentenced to forty-five years imprisonment. In the amended complaint Plaintiff alleges that he was sentenced to nine years incarceration.

Plaintiff asks the Court to find a violation of the Eighth and Fourteenth Amendments, to remove the case from his record, for compensation for restitution he paid, and compensation for the time he has been incarcerated.

## II.   STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1)

provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

#### A. Habeas Corpus

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for

challenging the fact or duration of his confinement is by way of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973). A plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 312 U.S. 477, 487 (1994). In the case at bar, Plaintiff has not alleged that his conviction or sentence was reversed or invalidated as provided by Heck. In fact, by his allegations it is clear that the conviction remains valid.

B. Immunity

Plaintiff names as defendants the prosecuting attorney and the judge who sentenced him. Both are immune from suit.

As a prosecutor, Defendant Garey has absolute immunity for all activities relating to judicial proceedings. See Imbler v. Pachtman, 424 U.S. 409 (1976). Further, prosecutors are absolutely immune for all actions performed in a "quasi-judicial" role. Id. at 430. Similarly, Judge Lee has absolutely immunity from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. Mireles v. Waco, 502 U.S. 9, 11 (1991). This judicial immunity can only be overcome if the judge has acted outside the scope of his judicial

capacity or in the "complete absence of all jurisdiction." <u>Id.</u> at 11-12. Here, there are no such allegations.

Consequently, Plaintiff's claims against Garey and Judge Lee have no arguable basis in law or in fact. The claims are frivolous and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### C. State Actor

Plaintiff also named as a defendant his public defender, attorney Edward S. Calloway. In the context of a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Moore v. Tartler</u>, 986 F.2d 682, 685 (3d Cir. 1993).

As alleged by Plaintiff, Calloway is a public defender for the State of Delaware. Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981). Hence, the claim against Calloway has no arguable basis in law or in fact. It is frivolous and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### IV. CONCLUSION

NOW THEREFORE, at Wilmington this 13 day of June, 2006, IT IS HEREBY ORDERED that:

1.  The complaint is **DISMISSED WITHOUT PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d. Cir. 1976).

2.  Plaintiff is not required to pay any previously assessed fees or the $250.00 filing fee. The clerk of the court is directed to send a copy of this order to the appropriate prison business office.

```
                              _____
                              UNITED STATES DISTRICT JUDGE
```